IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERILYN LAFRANCE<br>　　*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:19-cv-413 |
| JULIO CRESPOPUENTES, and<br>TRIUS TRUCKING, INC.<br>　　*Defendants.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

Comes now Defendant, Trius Trucking, Inc., and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Fort Worth Division, of the action numbered and styled *Verilyn LaFrance v. Julio Crespopuentes and Trius Trucking, Inc.;* Cause No. 352-306875-19; In the 352nd Judicial District Court of Tarrant County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1.　Defendant Trius Trucking, Inc. was not served with Plaintiff's Original Petition (the "Petition"). Trius Trucking, Inc. came before the State Court by filing its Answer on May 3, 2019. This Notice of Removal is filed within thirty (30) days of Trius Trucking making its appearance in the State Court Case and is timely filed under 28 U.S.C. § 1446(b). Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3. Plaintiff Verilyn LaFrance was a citizen of Tarrant County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

4. Defendant Julio Crespopuentes was a citizen of Fresno County, California at the time this action was filed. Consequently, Defendant Julio Crespopuentes was at the time this action was commenced, and is currently, a citizen of the State of California and of no other state.

5. Defendant Trius Trucking, Inc., is a corporation incorporated under the laws of the State of California, having its principal place of business now, and at the time this action was commenced, in the State of California. Defendant Trius Trucking, Inc. is now, and was at the time this action was commenced, a citizen of the State of California and of no other state.

## III.
## AMOUNT IN CONTROVERSY

6. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. 28 U.S.C. § 1446(C)(2)(A). The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the

preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

7.  A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. The Petition alleges damages and "Plaintiff seeks monetary relief over $100,000." under Texas Rule of Civil Procedure. (Pl. Orig. Pet., ¶ 1.1). Further, the Petition states that Plaintiff was struck by Defendant Trius Trucking Inc.'s 18-wheler tractor-trailer and alleges she suffered severe injuries from this incident. (Pl. Orig. Pet., ¶ 4.1). The Petition alleges Defendant's negligence, negligent entrustment, and negligence per se in permitting Defendant Julio Crespopuentes to operate Defendant Trius Trucking, Inc.'s vehicle in an incompetent or reckless manner, and in failing to properly instruct and supervise Defendant Julio Crespopuentes. (Pl. Orig. Pet., ¶ 7.1). Plaintiff claims the following damages: physical pain, suffering, and mental anguish in the past and future; physical disfigurement in the past and future; physical impairment in the past and future; medical care expenses in the past and future; loss earning and earning capacity in the past and future; and past and future economic losses. (Pl. Orig. Pet., ¶ 9.2).

8.  Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such

exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

9. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level 3 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.4 and affirmatively states it is "not governed by the expedited-actions process." (Pl. Orig. Pet., ¶ 1.1). Plaintiff has not affirmatively plead damages of $100,000.00 or less in this action.

## IV.
## PROCEDURAL REQUIREMENTS

10. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

11. By virtue of filing this Notice of Removal, the Removing Defendant does not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

12. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit "3." Those papers include copies of the Court's Docket Sheet and Plaintiff's Original Petition.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of the 352nd Judicial District Court of Tarrant County, Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 352nd Judicial District Court in Tarrant County, Texas to this Court, on this 20th day of May, 2019.

Respectfully submitted,

By: /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com
**BRETT D. TIMMONS**
State Bar No. 24013637
brett.timmons@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20TH day of May 2019, a true and correct copy of the foregoing document was forwarded via U.S. Mail to:

Phillip Shaw
JIM S. ADLER & ASSOCIATES
The Tower at CityPlace, Lock Box 40
2711 N. Haskell Ave., Suite 2500
Dallas, Texas 75204
*Attorney for Plaintiff*

/s/ *David L. Sargent*
**DAVID L. SARGENT**